**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANA CORBO, | Case No.: 2:10-cv-0316-GMN-LRL |
| Plaintiff, | **ORDER** |
| vs. | |
| FIDELITY FEDERAL FINANCIAL SERVICES CORPORATION, et al., | |
| Defendants. | |
| FIDELITY FEDERAL FINANCIAL SERVICES CORPORATION et al., | |
| Third-Party Plaintiffs, | |
| vs. | |
| UNITED FINANCIAL GROUP, LTD., and MARSHALL DAVID KATZMAN, | |
| Third-Party Defendants | |

## INTRODUCTION

Before the Court is Third-Party Plaintiffs Fidelity Federal Financial Services Corporation, Fidelity Federal Retirement Plans Corporation, and Fidelity Federal Group's (collectively, the "Fidelity Federal") Emergency Motion to Stay or Extend Time for Third Party Plaintiffs to Amend the Third Party Complaint and For Order Staying Filing of Response to Katzman's Motion to Dismiss (ECF No. 73). Third-Party Defendant Marshall David Katzman filed a Response to the Emergency Motion (ECF No. 74) and Fidelity Federal filed a Reply (ECF No. 78).

Also before the Court is Third-Party Defendant Katzman's Motion to Strike the Emergency Motion to Stay (ECF No. 76).   Fidelity Federal filed a Response (ECF No. 79).

## ANALYSIS

**1.      Emergency Motion to Stay**

Fidelity Federal filed the emergency motion to stay because Third-Party Defendant United Financial Group, Ltd. filed for bankruptcy.  United Financial Group has not filed a notice of bankruptcy with this Court, but Fidelity Federal claims to have learned of such filing through Katzman's counsel.  Fidelity Federal states that it wanted to file an amended complaint without leave of the court but would have been in violation of the automatic stay.

Fed. R. Civ. P. 15(a)(1)(A) allows a party to amend its pleading once as a matter of course within 21 days after serving it.  Fed. R. Civ. P. 15(a)(1)(B) also allows a party to amend it pleading once as a matter of course 21 days after service of a responsive pleading.  Under Rule 15(a)(1)(B) the deadline to amend without leave of the Court was July 11, 2011.  However, a party can petition the Court to amend its pleading under Rule 15(b)(2).  Under that Rule the court is advised to "freely give leave when justice so requires." Fed. R. Civ. P. 15(b)(2).  Hence, there does not appear to be any emergency in the instant matter.  Although Fidelity Federal may no longer be able to amend its complaint as a matter of right, it may still petition the Court to allow an amendment pursuant to Rule 15(b)(2).  At that time, Fidelity Federal will be required to include a proposed Amended Complaint as required by Local Rule 15-1. Accordingly, the Court DENIES Fidelity Federal's emergency motion to extend the time to amend its complaint.

On a further note, it does not readily appear that there would necessarily be a violation of the bankruptcy stay if the complaint were amended only as to Mr. Katzman.  Fidelity Federal is free to request leave to file an amended complaint so long as the facts and causes of action alleged in regards to United Financial Group do not change.

Furthermore, Fidelity Federal claims it is concerned that it cannot respond to Katzman's motion to dismiss without violating the automatic stay provision under 11 U.S.C. § 362(a). The automatic stay provision only prevents the commencement or continuation of any action or proceeding against the debtor to recover a claim against the debtor. *See* 11 U.S.C. § 362(a)(1). United Financial Group has filed bankruptcy, but Mr. Katzman has not. Mr. Katzman filed a motion to dismiss claiming lack of personal jurisdiction and failure to state a claim. Fidelity Federal has not demonstrated how responding to this motion by Katzman would affect United Financial Group.

As a general rule, the automatic stay provision only applies to the party that filed bankruptcy and the remaining parties to the suit may still proceed with the litigation. *See In re Chugach Forest Products, Inc.*, 23 F.3d 241 (9th Cir. 2004) (The stay "does not protect non-debtor parties or their property. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor."). Fidelity Federal argues that any decision made with regard to Mr. Katzman may have an effect on United Financial Group. However, this is not sufficient to compel the Court to find that the general rule should not apply in this case.

**2.      Motion to Strike**

Mr. Katzman filed a motion to strike Fidelity Federal's emergency motion to stay. The court denies the motion as moot to the extent that Mr. Katzman asks the court to not grant the stay. However, within Mr. Katzman's motion to strike is also a request that the Fidelity Federal defendants be required to post a bond and to also increase cost bonds pursuant to N.R.S. 18.130 which provides:

> 1. When a plaintiff in an action resides out of state, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant, by the filing and service on plaintiff of a written demand therefor *within the time limited for answering the complaint*. When so required, all

   proceedings in the action shall be stayed until an undertaking, executed by two or more persons, be filed with the clerk, to the effect that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action, not exceeding the sum of $500; or in lieu of such undertaking, the plaintiff may deposit $500, lawful money, with the clerk of the court, subject to the same conditions as required for the undertaking...

   2.  A new or an additional undertaking may be ordered by the court or judge upon proof that the original undertaking is insufficient security, and proceedings in the action stayed until such new or additional undertaking be executed and filed.

N.R.S. 18.130 (emphasis added).  "The initial request must be made within the time limit for answering the complaint.  Only if the initial request is timely made can a defendant request additional security as the litigation progresses."  *Simulnet East Associates v. Ramada Hotel Operating Co.*, 37 F.3d 573, 575 (9th Cir. 1994) (applying Nevada law).  The answer to the complaint was due on June 6, 2011.  No request to post a bond has been filed by Mr. Katzman.  Accordingly, the Court denies the motion to post a bond and increase cost bonds pursuant to N.R.S. 18.130.

## **CONCLUSION**

  **IT IS HEREBY ORDERED** that Third-Party Plaintiffs Fidelity Federal Financial Services Corporation, Fidelity Federal Retirement Plans Corporation, and Fidelity Federal Group's Emergency Motion to Stay or Extend Time for Third Party Plaintiffs to Amend the Third Party Complaint and For Order Staying Filing of Response to Katzman's Motion to Dismiss (ECF No. 73) is **DENIED without prejudice**.

  **IT IS FURTHER ORDERED** that Third-Party Defendant Katzman's Motion to Strike the Emergency Motion to Stay (ECF No. 76) is **DENIED**.

  DATED this 1st day of August, 2011.

                  _____
                  Gloria M. Navarro
                  United States District Judge