# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DANA CORBO, | Case No.: 2:10-cv-316-GMN-LRL |
| Plaintiff, | **ORDER** |
| vs. | |
| RONALD W. LAESSIG, *et al.*, | |
| Defendants. | |

## INTRODUCTION

Before the Court is Third-Party Defendant Marshall D. Katzman's Motion to Dismiss Third Party Complaint (ECF No. 69). Third-Party Plaintiffs Fidelity Federal Financial Services Corporation, Fidelity Federal Retirement Plans Corporation and Fidelity Federal Group (hereinafter, collectively, "Fidelity Federal Defendants") filed a Response (ECF No. 75). Plaintiffs filed a Reply (ECF No. 77).

Also before the Court is Fidelity Federal Defendants' Motion to Amend/Correct Complaint (ECF No. 83). Katzman filed a Response (ECF No. 83) and Fidelity Federal Defendants filed a Reply (ECF No. 89).

Additionally, Katzman filed two Motions to Strike (ECF No. 82 and 88).[1]

## FACTS AND BACKGROUND

This case arises out of a dispute regarding the purchase of a life insurance policy from Fidelity & Guaranty Life Insurance Company ("F & G Policy"). The F & G Policy was

---

[1] Katzman's first Motion to Strike (ECF No. 82) regarding Fidelity Federal Defendants Notice (ECF No. 80) requesting new briefing schedules for Katzman's Motion to Dismiss (ECF No. 69), Fidelity Federal Defendants' Motion to Stay (ECF No. 73) and Katzman's Counter-Motion to Strike (ECF No. 76). As of the date of this Order, the Court has already issued a ruling on ECF Nos. 73 and 76. This Order deals with Katzman's Motion to Dismiss such that a new briefing schedule will not be allowed. Accordingly, the Court finds the instant Motion to Strike (ECF No. 82) to be moot and DENIES it. The Court also DENIES Katzman's Second Motion to Strike (ECF No. 88).

purchased by the United Employee Benefit Fund (UEBF) to provide a death benefit to Plaintiff Dana Corbo.  Corbo contends that the F & G Policy was purchased by UEBF, on behalf of Corbo, in consideration for the payment by Corbo in the approximate amount of $586,243.00. (*Id.*).  UEBF used the cash surrender value of another policy, the "Lafayette policy" that was issued on Corbo's life to purchase the F & G Policy.  Subsequent to the issuance of the F & G Policy, UEBF cashed out the F & G Policy and retained the full amount of Corbo's proceeds, i.e. $586,243.00. (*Id.* at ¶13).  Corbo alleges that UEBF knew that he was unqualified for the F & G Policy at the time the policy was purchased intending for the $586,243.00 to revert back to UEBF. (*Id.*).

Corbo alleges that Laessig and Fidelity Federal Defendants encouraged, promoted and induced him into acquiring the Fidelity & Guaranty policy and profited from their actions. (*Id.* at ¶14).  Corbo asserts that Laessig and Fidelity Federal Defendants knew or should have known that Corbo was unqualified for the F & G Policy and as such failed to exercise the standard of care of an Insurance agent. (*Id.* at ¶15).  Corbo claims that Mr. Laessig and Fidelity Federal Defendants breached a fiduciary duty owed to Corbo as his insurance agent that resulted in damages to him. (*Id.*).

This Court previously dismissed all claims against Laessig based on the fiduciary shield doctrine.  (Order, ECF No. 41.)  Thereafter, Fidelity Federal Defendants filed a Third Party Complaint (hereinafter "TPC") against Katzman and United Financial Group, LTD (hereinafter "UFG"). (TPC, ECF No. 54.)  Katzman is alleged to have been employed by UFG. (Amended TPC, Ex. A to Motion to Amend ¶7, ECF No. 69-2).  It is alleged that Katzman acted as Corbo's insurance broker in submitting Corbo's application for underwriting to Fidelity and Guaranty Life Insurance Company (hereinafter "F&G"). (*Id.* at ¶5.)  Fidelity Federal Defendants allege that Katzman was F & G's general agent as of November 2005 and was registered in Nevada in that capacity. (*Id.* at ¶6.)

**DISCUSSION**

**A.     Legal Standard – 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007). However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.* In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court in Ashcroft further stated "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* Therefore, merely making an allegation is not enough

to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

**B.     Legal Standard – 12(b)(2)**

Under Fed. R. Civ. P. 12(b)(2) a court can dismiss any action which it does not have personal jurisdiction over defendant.  The plaintiff has the burden of establishing personal jurisdiction by demonstrating jurisdiction is: (1) permitted under the applicable state's long-arm statute, and (2) that the exercise of jurisdiction does not violate federal due process." *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995).  The personal jurisdiction of a federal court is limited to the breadth of the state court's personal jurisdiction in the state in which the federal court sits. *Omni Capital Int'l. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104–05, 108 S. Ct. 404 (1987).  Under N.R.S. § 14.065, Nevada state courts have personal jurisdiction limited only by the Nevada and United States Constitutions. *Graziose v. American Home Prod. Corp.*, 161 F.Supp.2d 1149, 1152 (D. Nev. 2001) (jurisdiction may be exercised to the extent "not inconsistent with the Constitution of this state or the Constitution of the United States").

Personal jurisdiction has been limited under the Constitution to defendants that have "certain minimum contacts with [a state] such that the maintenance of a suit does not offend 'traditional notions of fair play and substantial justice.'" *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1485 (9th Cir. 1993) (quoting *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Sufficient minimum contacts may be shown through specific jurisdiction, wherein the specific interaction with the forum relating to the cause of action gives rise to the contacts, or through general jurisdiction, wherein the contacts with the forum are systematic and continuous, warranting the exercise of personal jurisdiction.  If such contacts are established, a court must still determine that exercising personal jurisdiction would not offend the "traditional notions of fair play and justice." *Int'l Shoe Co.*, 326 U.S. at 316.

To establish general personal jurisdiction, the plaintiff must demonstrate the defendant

has sufficient contacts to "constitute the kind of continuous and systematic general business contacts that 'approximate physical presence.'" *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124 (9th Cir. 2002)(*quoting Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000), *modified*, *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir.2006)).  Courts consider such factors as whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there. *Bancroft*, 223 F.3d at 1086.  "[A] defendant whose contacts are substantial, continuous, and systematic is subject to a court's general jurisdiction even if the suit concerns matters not arising out of his contacts with the forum." *Glencore Grain*, 284 F.3d at 1123 (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n. 9, 104 S.Ct. 1868).

Specific personal jurisdiction is established if plaintiff can show: (1) the defendant has performed some act or transaction within the forum or purposefully availed himself of the privileges of conducting activities within the forum, (2) the plaintiff's claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction over the defendant is reasonable. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155–56 (9th Cir. 2006).  "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir.1995).

Under the first prong of the specific jurisdiction test the plaintiff must establish either that the defendant "(1) purposefully availed himself of the privilege of conducting his activities in the forum, or (2) purposefully directed his activities toward the forum." *Pebble Beach Co*., 453 F.3d at 1155. "Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum." *Id.* Evidence of direction usually

consists of directing conduct from outside the forum into the forum. *Id.* at 1155-56.

The second prong of the specific jurisdiction test requiring that the contacts constituting purposeful availment or purposeful direction give rise to the current action is measured in terms of "but for" causation. *Id.* at 1088. "If the plaintiff establishes both prongs one and two, the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir.2008) (quotation omitted).

Ordinarily, "minimum contacts" of a nonresident employer's agents or employees are imputed to the employer. For example, contracts negotiated or torts committed by employees within the scope of their employment may subject a nonresident employer to local jurisdiction. *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1189 (9th Cir. 2002). Each defendant's contacts with the forum state must be assessed individually. *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482 (1984).

**C.     Legal Standard – 15(a)(2)**

Fed. R. Civ. P. 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." A district court, however, may in its discretion deny leave to amend " due to 'undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir.2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227(1962)).

**D.     Analysis**

Fidelity Federal Defendants request leave of the Court to file an amended complaint to add additional facts about Katzman and UFG as well as adds separate causes of action for breach of fiduciary duty as to both these third party defendants. Fidelity Federal Defendants

assert that they would have had the opportunity to freely amend their complaint under the rules but for UFG's filing of bankruptcy. Katzman argues that Fidelity Federal Defendants should not be allowed to file an amended complaint because it would be futile in light of his motion to dismiss. Therefore, the Court examines Katzman's motion to dismiss in light of the proposed amended complaint and the new facts alleged to determine if amendment would indeed be futile.

### 1. Motion to Dismiss

#### a. Personal Jurisdiction

Katzman first argues that there can be no personal jurisdiction over him as he acted only in his capacity as an officer/fiduciary for the co-third party defendant, UFG. Pursuant to the fiduciary shield doctrine an individual will be shielded from a state's exercise of personal jurisdiction over him if his only contacts with a particular state are in his capacity as a fiduciary of a corporation. *Sage Computer Technology v. P-Code Distributing Corp.*, 576 F.Supp. 1194, 1196 (D.Nev. 1983).

"Under the fiduciary shield doctrine, a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir.1989). "The Nevada Supreme Court has not determined the status of the fiduciary shield doctrine in Nevada, and other courts disagree as to the extent of its application." *Klein*, 595 F.Supp.2d at 1158. "Nevertheless, precedent from the United States Supreme Court and the Ninth Circuit establishes that any application of the fiduciary shield doctrine is limited." *Id.* "Specifically, although the Court cannot acquire personal jurisdiction over employees based on their employers' forum activities, 'their status as employees does not somehow insulate them from jurisdiction.'" *Id.* (quoting *Davis*, 885 F.2d at 521). Rather, "the court must assess each defendant's contacts individually." *Id.* Therefore, the Court must assess Katzman's contacts

with Nevada to determine whether jurisdiction comports with due process.

The proposed amended complaint adds allegations regarding Katzman's individual contacts with Nevada. The motion to dismiss relies primarily on the fiduciary shield doctrine to claim that Katzman only acted in his capacity as an officer/fiduciary for UFG. However, since the court must assess Katzman's contacts individually, the Court must determine if the alleged contacts would amount to specific jurisdiction over Katzman.[2] The motion to dismiss only contains a blanket statement that there is no specific jurisdiction because the exercise of personal jurisdiction over Mr. Katzman would be unreasonable. This is not sufficient for the Court to make a proper finding regarding personal jurisdiction. Accordingly, the Court finds that the motion to amend should be granted in part, as explained *infra*, because it would not be futile in light of the current arguments.

### b. Failure to State a Claim

### 1. Negligence and Breach of Fiduciary Duty

The third amended complaint alleges causes of action of negligence by Katzman (count 1), negligence by UFG (count 2) and breach of fiduciary duty by Katzman and UFG (count 3.) Each of these causes of action require plaintiff to establish a duty of care owed by defendant(s) to plaintiff. *See Hammerstein v. Jean Dev. West*, 907 P.2d 975, 977 (Nev. 1995) (first element of negligence claims is that the defendant had a duty to exercise due care toward plaintiff); *Stalk v. Mushkin,* 199 P.3d 838, 843 (Nev. 2009)("a breach of fiduciary duty claim seeks damages for injuries that result from the tortious conduct of one who owes a duty to another by virtue of the fiduciary relationship.") The proposed amended third party complaint alleges that Katzman and UFG owed duties of care to Plaintiff Corbo. The allegations do not contain any facts that would establish a duty of care owed by Katzman to Fidelity Federal Defendants.

Fidelity Federal Defendants argue that they can properly assert these allegations on

---

[2] Under the proposed amended Third Party Complaint, personal jurisdiction cannot be premised on general jurisdiction.

behalf of Plaintiff Corbo pursuant to Fed. R. Civ. P. 14(c)(2) which states:

> The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant.  In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff has sued both the third-party defendant and the third-party plaintiff.

Fidelity Federal Defendants conveniently overlook or forget to mention that section (c) of Rule 14 applies to **admiralty or maritime claims.**  Under this rule, the general practice of impleader under Rule 14(a) is expanded and allows a defendant to implead only to establish that person joined is liable to the defendant, and may not implead by alleging that the person to be joined is liable directly to the plaintiff. *See e.g.*, *Spring City Corp. v. American Bldgs. Co.*, 193 F.3d 165, 169 (3rd Cir. 1999)("[A] third-party defendant joined under [Rule 14(a)] does not become a defendant as against the original plaintiff.")  Rule 14(a)(1) clearly states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty **who is liable to it for all or part of the claim against it.**" (emphasis added)  Therefore, Fidelity Federal Defendants must assert that they were owed a duty of care by Katzman and UFG, which they do not do.  Accordingly, Fidelity Federal Defendants fail to state claims for negligence and breach of fiduciary duty in their proposed amended third party complaint against Katzman and UFG.  Therefore, leave will not be granted to amend these claims as stated in the proposed third party complaint as it would be futile.

### 2. Contribution and Equitable Indemnity

Federal Rule of Civil Procedure 14 allows a defendant to implead a party who may be liable to indemnify against, or contribute to, any judgment awarded against the defendant.

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.

Fed R. Civ. P. 14(a)(1).  A party may assert against a third-party defendant any claim "arising

out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Fed R. Civ. P. 14(a)(3).

Although a cause of action for indemnity does not arise in Nevada until the party seeking indemnity has discharged a legal obligation through settlement or judgment, *Rodriguez v. Primadonna Co., LLC*, 216 P.3d 793, 801 (Nev.2009) (citing *The Doctors Co. v. Vincent*, 120 Nev. 644, 98 P.3d 681, 686 (Nev.2004)), a federal court may entertain such a cause of action "prematurely" so long as (1) any resulting judgment against a third-party defendant is made contingent on the defendant's payment to the plaintiff or (2) the court stays any judgment against a third-party defendant until the defendant shows that it has paid the plaintiff. *Andrulonis v. United States*, 26 F.3d 1224, 1233–34 (2d Cir.1994) (holding that the "may be liable" language of Rule 14(a) permitted a contribution claim in federal court by a defendant even before the defendant had been held liable to the plaintiff, despite New York law to the contrary).

Katzman only argues that Fidelity Federal Defendants have not yet discharged any liabilities and therefore cannot state claims for contribution and indemnity. This may be a problem under Nevada state rules, *see Rodriguez*, 216 P.3d at 801, but in federal court the federal rules control within their scope, *Hanna v. Plumer*, 380 U.S. 460, 469–70, 85 S.Ct. 1136, (1965), and Fidelity Federal Defendants may plead indemnity or contribution under Rule 14(a) before discharging any liability, *see Andrulonis*, 26 F.3d at 1233–34. The Court will therefore not dismiss the causes of action for indemnity and contribution. Accordingly, Fidelity Federal Defendants will be granted leave to amend their third party complaint insofar as it amends the claims of contribution and indemnity.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that Fidelity Federal Defendants' Motion to Amend/Correct Complaint (ECF No. 83) is **GRANTED in part and DENIED in part**.

Fidelity Federal Defendants can amend their third party complaint to add factual allegations regarding Katzman and UGF.  Fidelity Federal Defendants cannot amend their complaint to add new allegations for breach of fiduciary duty as such claims are futile.  Fidelity Federal Defendants can amend their causes of action for indemnity and contribution.

**IT IS FURTHER ORDERED** that Third-Party Defendant Marshall D. Katzman's Motion to Dismiss Third Party Complaint (ECF No. 69) is **GRANTED in part and DENIED in part**.  Fidelity Federal Defendant's allegations of negligence by Katzman and UFG are **DISMISSED for failure to state a claim**.

**IT IS FURTHER ORDERED** that Marshall D. Katzman's Motion to Strike (ECF No. 82) and Motion to Strike (ECF No. 88) are **DENIED**.

**DATED** this 28th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge