UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DANA CORBO, | ) | Case No.: 2:10-cv-00316-GMN-VCF |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| RONALD W. LAESSIG, *et al.*, | ) | |
| Defendants. | ) | |

Before the Court is Defendants Fidelity Federal Financial Services Corporation, Fidelity Federal Retirement Plans Corp., and Fidelity Federal Group's (hereinafter, collectively, "Fidelity Federal Defendants") Motion for Court Determination of Good Faith Settlement with Plaintiff Dana Corbo, on behalf of themselves and Ronald W. Laessig. (ECF No. 101). Plaintiff Dana Corbo filed a joinder to the motion. (ECF No. 106.) Third Party Defendant, Marshall D. Katzman filed the only response to the motion. (ECF No. 107).

N.R.S. 17.245 was enacted to encourage settlements by discharging all liability for equitable indemnity and contribution by a settling tortfeasor to others upon a finding that the settlement was entered in good faith. *See*, *In re MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913, 926 (D. Nev. 1983)(interpreting Nevada state law). The determination of a good faith settlement is left to the discretion of the Court based upon all relevant facts. *See*, *Velsicol Chemical Corp. v. Davidson*, 811 P.2d 561, 563 (Nev. 1991). N.R.S. 17.245 provides:

> 1. When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
>
> (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim

against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

(b)   It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor.

2.   As used in this section, "equitable indemnity" means a right of indemnity that is created by the court rather than expressly provided for in a written agreement.

The Nevada Supreme Court utilized the following factors established by *In re MGM Grand Hotel Fire Litigation* to determine whether a settlement was reached in good faith: (1) amount paid in settlement; (2) allocation of the settlement proceeds among plaintiffs; (3) insurance policy limits of the settling defendants; (4) financial condition of the settling defendants; and (5) the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants. *See*, *The Doctors Company v. Vincent*, 98 P.3d 681, 686 (Nev. 2004)(citing *In re MGM Grand Hotel Fire Litigation,* 570 F. Supp. 913, 927 (D. Nev. 1983).

Fidelity Federal Defendants, Laessig, and Plaintiff Corbo, have entered into a confidential settlement agreement.  They have filed the terms of the settlement under seal. (*See* Order, ECF No. 100.)  Having considered the arguments stated by Fidelity Federal Defendants and applying the five *MGM* factors, the Court finds that the settlement is entered in good faith pursuant to N.R.S. 17.245.

Third Party Defendant Katzman filed a conditional non-opposition to Fidelity Federal Defendants' motion stating that he would not oppose the motion for good faith settlement based on the settling parties' representations that no claims will be pursued against Mr. Katzman in this matter. (*See* Notice of Conditional Non-Opposition, ECF No. 107.)  Also contingent on Mr. Katzman's non-opposition is non-settling parties, United Employee Benefit Fund, United

1  Employee Benefit Fund Trust Agreement, and the Trustees of the United Employee Benefit
2  Fund's (hereinafter, collectively "UEBF Defendants") promise not to file any action against Mr.
3  Katzman in this matter. (*See id.*)  Mr. Katzman requests that should any of these parties file any
4  claims against him in the matter, that he be allowed to file an opposition to the good faith
5  settlement motion.  This Court finds that this request is not practical.  Mr. Katzman will need to
6  explore other methods for enforcing his agreement.

   **IT IS HEREBY ORDERED** that Fidelity Federal Defendants' Motion for Court Determination of Good Faith Settlement (ECF No. 101) is **GRANTED**.

   The settlement between Plaintiff Dana Corbo and Fidelity Federal Defendants is a good faith settlement pursuant to N.R.S. 17.245 and other applicable provision of N.R.S. Chapter 17.

   **IT IS FURTHER ORDERED** that all references to the settlement amount previously disclosed to the parties shall remain under seal, as ordered by Magistrate Judge Cam Ferenbach on May 31, 2012. (*See* ECF No. 100).  The Magistrate Judge's Order shall apply to all hearings, transcripts, or minutes wherein the settlement terms and conditions are discussed.

   **DATED** this 5th day of July, 2012.

   _____
   Gloria M. Navarro
   United States District Judge